# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES DABNEY,<br>Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:19-cv-956<br><br>Cole, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

On November 8, 2019, petitioner filed a petition for a writ of habeas corpus. (Doc. 1). On November 12, 2019, the undersigned issued a Deficiency Order requiring petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty (30) days of the date of the Order. (Doc. 2). Petitioner was advised that "failure to comply with this Order will result in the dismissal of this action for want of prosecution." (*Id.*).

To date, more than thirty days after the Court's November 12, 2019 Order, petitioner has failed to comply with the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Order issued on November 12, 2019, petitioner's petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 12/17/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES DABNEY,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-956

Cole, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).