# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES DABNEY,

                    Petitioner,            :     Case No. 1:19-cv-956

    - vs -                           District Judge Douglas R. Cole
                                          Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                                        :
                    Respondent.

---

# DECISION AND ORDER

---

This habeas corpus case, brought *pro se* by Petitioner James Dabney, is before the Court on Petitioner's renewed (Motion) Request to be Provided with Exhibits 1 through 129 of the State Court Record (ECF No. 20). Dabney claims that he has not received those portions of the State Court Record, but only ECF Nos. 12-2 through 12-11. *Id.* at PageID 3232. Petitioner asserts that he mailed a "letter of concern" to the Attorney General on November 11, 2020, asking for these documents (*Id.* at PageID 3233); a purported copy of the letter is attached. Dabney avers that he cannot draft his traverse without these documents. *Id.* Dabney certifies the Motion was filed and served on November 30, 2020. *Id.* at PageID 3234. In fact it bears a postmark of December 2, 2020. *Id.* at PageID 3236.

Respondent opposes the Motion on the grounds that the entire State Court Record has already been provided to Petitioner (Response in Opp., ECF No. 22). As evidence Respondent's counsel notes that the entire State Court Record and the Return of Writ were all mailed to Petitioner

in one box and Petitioner acknowledges receiving some of the contents of that box. *Id.* at PageID 3245. Disputing the credibility of Dabney's claim, Respondent's trial attorney notes that Dabney only requested the documents after receiving three extensions of time to file his traverse, but never mentioning this alleged omission until the last request for extension. *Id.* Respondent notes and opposes Dabney's renewed request for transcripts of pretrial hearings without showing any need, despite a prior refusal of the Court to order those transcripts.

Dabney claims he never received the box, but only some portion of the papers that Respondent says were in the box (Objection, ECF No. 24). He then relies on the Rules Governing § 2254 Cases and Fed.R.Civ.P. 5 to show the Attorney General had an obligation to serve the documents on him. *Id.* at PageID 3312. He claims to have been diligent in his pursuit of the exhibits, but his explanation only refers to his limited time to do legal research. *Id.* He repeats his conclusory claim, already overruled by Magistrate Judge Litkovitz, that he needs transcripts of the pretrial hearings. *Id.*

## Analysis

Petitioner correctly notes that he has a right under Fed.R.Civ.P. 5 to be served with all documents filed in this Court in this case. In support of that right, Magistrate Judge Litkovitz expressly ordered that the State Court Record be served on Petitioner (ECF No. 5, PageID 71). Respondent obeyed that Order. Proof of that obedience is that Petitioner acknowledges receipt of parts of the State Court Record. Thus Respondent has done his duty. If the Chillicothe mail room personnel provided Dabney with only part of what was sent to him, his grievance is with the mail room, not the Attorney General. Dabney's request to the Court to compel production of a second

set of Exhibits 1-129 is DENIED.  The Court again denies his claim that due process of law entitles him to transcripts of the pretrial hearings, absent some showing of need.

February 9, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge