# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES DABNEY,

                 Petitioner,           :     Case No. 1:19-cv-956

  - vs -                          District Judge Douglas R. Cole
                                       Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                                  :

                  Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner James Dabney, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 12), the Return of Writ (ECF No. 13), and Petitioner's Traverse/Reply Brief (ECF No. 23).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District. Final decision of the case remains with District Judge Cole.

**Litigation History**

On April 27, 2012, the Hamilton County grand jury indicted Dabney on twenty counts: one count of money laundering in violation of Ohio Rev. Code § 1315.55(A)(1) (count 1), six counts of theft in violation of Ohio Rev. Code § 2913.02(A)(3) (counts 2, 6, 9, 12, 15 and 18), six counts of

1

telecommunications fraud in violation of Ohio Rev. Code § 2913.05) (counts 3, 5, 8, 11, 14 and 17), and seven counts of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A) (counts 4, 7, 10, 13, 16, 19 and 20). The indictment charged co-defendants Sonna Colvin, Steven Jones, Landaus James, Kelli Yates, Orlando Hall, Ronnell Williams, and Nathaniel Glover in various counts with Dabney. (State Court Record, Indictment, Ex. 1; Case No. B-1202504-A, ECF No. 12, Ex. 1). After numerous continuances and several changes of counsel, the case was tried to a jury on May 27, 2014, and Dabney was convicted on all counts except for a dismissed count of receiving stolen property. The trial court then imposed an aggregate sentence of nine and one-half years imprisonment.

Although the First District Court of Appeals allowed Dabney a delayed appeal, it affirmed his conviction and sentence. *State v. Dabney*, 2015-Ohio-4142 (Ohio App. 1st Dist. Oct. 7, 2015)("*Dabney I*"), appellate jurisdiction declined, 144 Ohio 3d 1479 (2016).

On October 4, 2016, Dabney moved for leave to file a delayed application for reopening his appeal pursuant to Ohio App.R. 26(B)(2)(b). (State Court Record, ECF No. 12, Ex. 59). The First District excused the delay in filing, but found no merit in the omitted assignments of error (Entry, State Court Record, ECF No. 12, Ex. 60)("*Dabney II*").

Previously, on February 16, 2016, Dabney filed a post-conviction petition to vacate or set aside the judgment and sentence pursuant to Ohio Revised Code § 2953.21. (Petition, State Court Record, ECF No. 12-1, Ex. 63). The trial court denied the Petition and Dabney appealed, but the First District affirmed. *State v. Dabney*, 2018 Ohio App. LEXIS 4292 (1st Dist. Sept. 28, 2018) ("*Dabney III*"), appellate jurisdiction declined, 2019-Ohio-1759 (May 15, 2019).

On October 4, 2017, Dabney filed a second post-conviction petition under Ohio Revised Code § 2953.21. (State Court Record, ECF No. 12-1, Ex. 98). The trial court denied the petition and the First District affirmed. *State v. Dabney*, 2019 Ohio App. LEXIS 1797 (1st Dist. May 3, 2019) ("*Dabney IV*"). Dabney did not successfully appeal to the Supreme Court of Ohio.

On June 19, 2018, Dabney filed a petition for a writ of prohibition in the Supreme Court of Ohio, naming the Hamilton County Common Pleas Court and the First District Court of Appeals as respondents (State Court Record 12-1, Ex. 108). The Supreme Court of Ohio dismissed the writ. *State of Ohio ex rel James Dabney v. Hamilton County Common Pleas Court, et al.,* Case No. 2018-0862 (Entry, State Court Record ECF No. 12-1, Ex. 111)( ("*Dabney V*").

On September 6, 2018, Dabney filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *Id.* at Ex. 113 (Case No. 1:18-cv-621). Advised three times by Magistrate Judge Bowman that his sole remedy was under 28 U.S.C. § 2254, he refused to file under that statute and the case was dismissed. Dabney took no appeal, but filed the instant Petition by mailing it on November 7, 2019. He pleads the following grounds for relief:

> **Ground One:** Lack of Jurisdiction Void-for-Vagueness Fatally Defective Indictment Selective Prosecution Vindictive Prosecution. Count One of the Indictment lacks jurisdiction because it fails to give notice of the material elements of the conduct associated with the crime of conspiring to tender counterfeit currency and therefore it is void-for-vagueness as applied In this case.
>
> **Section(1):** Count One of the Indictment Money Laundering is fatally defective because the Indictment fails to identify or define the offense of which the accused was actually convicted or notify a substantial overt-act-done not only be proven but also alleged in the Indictment.
>
> **Section(2):** Count One of the Indictment is a Selective and Vindictive Prosecution where the Prosecution has selectively amended conduct into the charge of Money Laundering that was not apprised in the indictment and while prosecution's decision not to prosecute the alleged co-conspirators/principle offenders Lakala Starr and Lonnie McKinney, with the charge of money laundering counterfeit currency and others similarly situated had not been prosecuted In the same manner, constitutes a selective prosecution in violation of the State and Federal Due Process Protections.
>
> **Ground Two**: On September 6, 2018, Petitioner filed a Verified Motion for Immediate Release from Illegal Custody petitioner did not wish to challenge his conviction or sentence this was an Independent vehicle for relief under section 2241(a),(c)(3) it was a

direct challenge of a pre-trial detention and a pre-conviction petition for relief.

**Ground Three**: Appellate counsel performance was deficient for falling to raise ineffective assistance of trial counsel because trial counsel failed to adequately conduct an independent investigation into the material evidence in the possession of the prosecution and local law enforcement agencies and failed to litigate the deficient performance of the other pre-trial counsels in protecting defendant's speedy trial rights and failure to conduct an adequate Independent investigation and failed to disclose the potential conflict of interest and erect adequate and timely screens and object to the court's erroneous jury instructions on adding and betting and the erroneous jury verdict form on Count 1, and the following issues caused an accumulative effect in the outcome of this case in violation of the United States and Ohio Constitution.

**Section (1):** the six-month continuance motion filed by counsel Wenke should not have tolled the 270 days of defendant's speedy trial rights because Wenke did not prepare for trial in violation of United State and the Ohio Constitution and the Due Process Clause.

**Section (2):** Defendant was not afforded the right to consent, be present, or properly notified during any of the hearings where Burke waived his speedy trial rights in violation of the United States and Ohio Constitution while acting under a conflict of interest.

**Section (3):** An accused is entitled to effective assistance of appellate counsel, In order to raise specific assignment of errors relating to the ineffective assistance of trial counsel.

**Section(4):** Counsel Auceillo was constitutionally ineffective in his opening statement.

**Ground Four**: Petitioner filed on June 1, 2017, a Notice of Delayed Appeal, Motion Requesting Extension of time to file certain documents. Specifically, the April 27, 2017, Court of Appeals Decision was due in the Supreme Court Clerk's Office on or before June 7, 2017.

**Ground Five**: The Trial Court abused its discretion in denying Petitioner's timely motion for Post Conviction Relief under O.R.C. 2953.21, Motion for Summary Judgment under Fed. R. Civ. P. 56(a), and O.R.C. 2953.21(D), without a hearing where the 21-Claims raised merit an evidentiary hearing to properly develop the claims and where Summary Judgment warranted a hearing.

4

Petitioner was denied due process and equal protection of the law Including but limited to the Fourth, Fifth, and Sixth Amendments.

**Ground Six**: Petitioner on March 3, 2019, flied a timely appeal as of right with the Ohio Supreme Court. This case presents a question regarding the overruling of a motion for reconsideration under App. R. 26(A), and a motion requesting correction of the record under App.R.9(E), and to restore the Fourteenth Amendment and Equal Protection clause.

**Ground Seven**: The Trial Court abused its discretion denying petitioner's petition to Vacate or set aside judgment of conviction based on Newly Discovered Evidence and evidence that dehors the record pursuant to O.R.C. 2953.21(A)(l)(a) and O.R.C. 2953.21(D) without a hearing where the three claims raised Merit. Petitioner was ultimately denied due process and equal protection of the law Including but not limited to the Fifth and Sixth Amendments.

**Ground Eight**: Petitioner asserts that he filed a timely Discretionary Appeal in the Ohio Supreme Court that was dismissed due to his failure to timely attach the opinion of the Appeals Court due to him becoming overwhelmed by the process of fighting this case, and court's systemic violation of his fundamental rights has caused a great deal anxiety and obviously unavoidably prevented him from discovery of the facts upon which he must rely to present the claims for relief due to the concealment when one is under a duty to disclose the conflict of Interest and the courts failure to upholds its duty to safeguard preservation of the attorney-client relationship and maintain the public confidence in the integrity of the judicial proceeding, and the judicial machinery itself.

**Ground Nine:** The Trial Court, Prosecution, Agent Dye, and The Court of Appeals committed fraud upon the Court by falling to Disclose, Provide, and Preserve the materially Exculpatory Evidence upon Appellant's request for discovery.

(Petition, ECF No. 1, PageID 21-52).

# Analysis

**Ground One: Lack of Jurisdiction; Defective Indictment; Selective Prosecution**

In his First Ground for Relief, Dabney asserts the trial court did not have jurisdiction, the indictment was defective, and he was subjected to selective prosecution.  Respondent asserts this ground for relief is procedurally defaulted because the issues could have been decided on direct appeal or in a petition for post-conviction relief, but were never raised in the state courts until being presented in Dabney's prohibition action (Return, ECF No. 13, PageID 3191).

In his Traverse, Dabney makes no response to this procedural default defense. (See Traverse, ECF No. 23, PageID 3281-87).  The Magistrate Judge concludes Ground One is procedurally defaulted.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

6

habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v.*

*Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were
> procedurally defaulted in state court—that is, claims that the state
> court denied based on an adequate and independent state procedural
> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175
> L.Ed.2d 417 (2009). This is an important "corollary" to the
> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine. See *McCleskey v.*
> *Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims

that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020),

citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786

F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.

. . . .

Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

As applicable to this case, Ohio does have a relevant procedural rule which requires that constitutional claims which can be decided on the basis of the appellate record must be presented on direct appeal or otherwise be barred by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

"[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995). For constitutional claims that depend on evidence outside the record, Ohio provides the remedy of a

petition for post-conviction relief in Ohio Revised Code § 2953.21.

In this case the *Perry res judicata* rule was enforced against Dabney when his Petition for Writ of Prohibition was rejected on the grounds that he had an ordinary remedy at law for these claims, as opposed to the extraordinary remedy of prohibition. *Dabney IV*.

As noted above, Dabney offers no excusing cause and prejudice to overcome his procedural default of Ground One. Those claims should therefore be dismissed with prejudice.


**Ground Two:  Denial of Petition under 28 U.S.C. § 2241.**


In his Second Ground for Relief, Dabney seems to be claiming that this Court's dismissal of his prior habeas corpus petition under 28 U.S.C. § 2241 was in error. Respondent defends this Ground by asserting that dismissal of an action under 28 U.S.C. § 2241 cannot properly be challenged in a subsequent § 2254 action (Answer, ECF No. 13, PageID 3198). Dabney responds that § 2241 was an appropriate vehicle to obtain his immediate release.

Respondent's defense to Ground Two is well-taken. In his Traverse, Dabney argues essentially that he was correct on the merits of his § 2241 action and this Court was in error in dismissing that case. When a litigant believes the final judgment of a federal District Court is in error, federal law provides three mechanisms to challenge the result. First of all, a litigant may file a motion to amend the judgment under Fed.R.Civ.P. 59(e). Second, the litigant may file a motion to vacate the judgment on various grounds under Fed.R.Civ.P. 60. Finally, and most importantly, a litigant can appeal to the federal circuit court having jurisdiction to review final judgments of the court rendering the verdict under 28 U.S.C. § 1291; in this case that would have been the United States Court of Appeals for the Sixth Circuit. Reviewing the docket in Case No. 1:18-cv-621 shows Dabney did none of these things and his time to do any of them has long since

expired.

The sole purpose of an action under 28 U.S.C. § 2254 is to collaterally attack the constitutionality of a criminal conviction entered by a state court on which the petitioner is in custody. Dabney has done that in the instant Petition. But Ground Two does not state a claim upon which habeas corpus relief can be granted because it does not attack the state court judgment under which Dabney is confined. Ground Two should therefore be dismissed.

**Ground Three: Ineffective Assistance of Appellate Counsel:   Failure to Raise Claims of Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Dabney asserts he received ineffective assistance of appellate counsel in that his appellate attorney did not raise various claims of ineffective assistance of trial counsel.

Respondent defends Ground Three on the merits, noting that the Court of Appeals rejected almost all of Dabney's ineffective assistance of appellate counsel claims by finding that the underlying ineffective assistance of trial counsel claims were without merit (Answer, ECF No. 13, PageID 3198-3207). Dabney responds by arguing the merits of his ineffective assistance of trial counsel claims (Traverse, ECF No. 23, PageID 3289-94).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceedings.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id*., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, that is, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim or claims that trial counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v.*

*Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Ohio has enacted a statutory right to a speedy trial in Ohio Revised Code § 2945.71. That statute provides a 270-day limit and every day a defendant is held in jail pending trial counts for three days against that limit. The Sixth Amendment to the United States Constitution includes a right to a speedy trial, a right that has been incorporated into the Fourteenth Amendment by the Supreme Court. *Klopfer v. North Carolina,* 386 U.S. 213 (1967). Although the Sixth Amendment and Ohio's speedy trial statute address the same concerns, violating the Ohio statute does not *ipso facto* constitute a violation of the Sixth Amendment; different standards apply.

This Court cannot re-examine an Ohio court ruling on the Ohio statute. Rather, we are bound by state court interpretations of state law. *Bradshaw v. Richey*, 546 U.S. 74 (2005). However, it can constitute ineffective assistance of trial counsel for a trial attorney to miss a matter of Ohio law which any competent attorney would have caught.

In this case the First District Court of Appeals considered Dabney's claim of ineffective assistance of appellate counsel when it decided his Application for Reopening under Ohio R.App.P. 26(B)[1](*Dabney II*). The court noted that *Strickland* provided the governing standard. *Id.* at PageID 771. It disposed summarily of several of the underlying ineffective assistance of trial

---

[1] Applications for reopening under 26(B) are the sole means for raising an ineffective assistance of appellate counsel claim in Ohio. The Supreme Court of Ohio decided in *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), that such claims could not be brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21. It instructed its Rules Committee to draft an appropriate remedy and Rule 26(B) was the result.

counsel claims:

> The record does not demonstrate outcome-determinative deficiencies in trial counsel's performance in securing suppression of Dabney's statement to law enforcement, in remarks made during opening statement, in securing Dabney's speedy-trial rights, or in not objecting to the aiding-and-abetting instruction or the money-laundering verdict form.

*Id.* at PageID 772.   As to the motion to suppress and opening statement claims, it held:

> Trial counsel was not demonstrably ineffective on Dabney's motion to suppress or in remarks during opening statement that Dabney alleges "surrender[ed] [his] presumption of innocence and assist[ed] [the] prosecution." The record cannot be said to demonstrate that but for these alleged deficiencies in trial counsel's performance, there was a reasonable probability of either success on the motion to suppress or a different result at trial.

*Id.*  It found no ineffective assistance of trial counsel in handling the speedy trial claim because it noted that claim had been preserved for appeal and overruled on both statutory and constitutional grounds.  *Id.* It found the aiding and abetting jury instruction could not have confused the jury and therefore there was no prejudice in failing to raise the claim in the trial court. *Id.* It found the typographical error on the jury verdict form inconsequential. *Id.* at PageID 773.  Regarding trial attorney Burke's asserted conflict of interest, it found that claim depended on evidence outside the appellate record and should therefore be presented in a post-conviction petition. *Id.* It concluded:

> Because the proposed assignments of error would not have presented a reasonable probability of success had counsel advanced them on appeal , Dabney has failed to demonstrate a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel. Accordingly, the court denies his application to reopen this appeal.

*Id.*

Because the First District decided Dabney's ineffective assistance of appellate counsel claim on the merits, Dabney can prevail here only by showing the First District's decision on the

26(B) Application was an unreasonable application of *Strickland*.

In arguing this Ground for Relief in his Traverse, Dabney notes that the Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). The Court has further held delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992). Dabney argues "Likewise, it should also be enough for this Honorable Court's examination of this speedy trial claim as well as this prejudicial delay deprived Dabney of his liberty, employment, and relief of criminal charges placed on him." (Traverse, ECF No. 23, PageID 3292). While these facts are true and certainly adverse to Dabney, they do not prove prejudice within the meaning of *Doggett*. That is, Dabney has not shown that the delay made it more difficult for him to defend himself. And while it is undoubtedly small comfort to the imprisoned, Dabney received credit against his imprisonment sentence for the 768 days he was incarcerated pre-trial (Judgment, State Court Record, ECF No. 12, Ex. 33, PageID 252).

In sum, Dabney has not shown the First District's decision on his ineffective assistance of appellate counsel claim is an objectively unreasonable application of *Strickland*. The Third Ground for Relief should therefore be dismissed on the merits.

**Ground Four: Failure of the Supreme Court of Ohio to Allow an Untimely Appeal from the 26(B) Application**

In his Fourth Ground for Relief, Dabney complains of the Supreme Court of Ohio's denial of an untimely appeal from the 26(B) Application denial. He does not dispute that he failed to meet the

time requirements of the Supreme Court, but asserts it was because the Clerk of the First District did not properly serve him with a copy of the appellate decision.

Respondent argues this Ground for Relief does not state a claim upon which habeas corpus relief can be granted because there is no constitutional right to file untimely matters in a state supreme court (Return, ECF No. 13, PageID 3207-08).

Dabney argues his claim is reviewable because a Rule 26(B) application is part of the direct appeal process, rather than a matter of collateral review (Traverse, ECF No. 23, PageID 3294-95). ." In *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*), the Sixth Circuit expressly overruled *White v. Schotten,* 201 F. 3d 743 (6th Cir. 2000), relied on by Dabney, and held that 26(B) proceedings are collateral and defendants are not entitled to counsel for 26(B) proceedings.  That means that the lack of counsel at the 26(B) stage cannot be excused for lack of appointed counsel. There is no federal constitutional requirement that state supreme courts allow late filings, whether the cause is lack of counsel or some other reason, as here.

Petitioner's Ground Four does not state a claim upon which habeas corpus relief can be granted and should be dismissed on that basis.


**Ground Five:  Denial of Hearing on Post-Conviction Petition**


In his Fifth Ground for Relief, Dabney asserts the trial judge abused his discretion in denying a hearing on his petition for post-conviction relief.

Like the Fourth Ground for Relief, this Ground does not state a claim for relief under the United States Constitution.  Abuse of discretion by a state judge does not violate the Due Process Clause.  *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).  It would be possible to violate the Equal Protection Clause if it could be shown that the trial judge denied Dabney a hearing because of his

race, religion, national origin, or gender.  But nothing of this sort is alleged or was alleged in the First District on appeal from denial of the post-conviction petition.

Ground Five should therefore be dismissed as non-cognizable.


**Ground Six:  Appellate Denial of Reconsideration and Correction of the Record**


In his Sixth Ground for Relief, Dabney asserts that the First District abused its discretion when it refused to reconsider a prior decision and to correct the record on appeal.  He claims he attempted to correct these errors by filing an appeal with the Supreme Court of Ohio on March 3, 2019.

The record shows that on October 22, 2018, Dabney filed with the First District a motion for the court to reconsider its decision of September 28, 2018 (State Court Record, ECF No. 12-1, Ex. 83).  On November 14, 2018, the First District held the motion in abeyance and ordered Dabney:

> to seek certification from the trial court that any evidentiary material in his possession is properly part of the appellate record under App.R. 9(E). Appellant shall have until January 18, 2019, to complete the procedure required by App.R. 9(E) and to submit the certified exhibits to the clerk of this Court.

(Entry, State Court Record, ECF No. 12-1, Ex. 87, PageID 1096).

Instead of complying with that Order of the First District, Dabney filed a motion in the Hamilton County Court of Common Pleas in which:

> Mr. DABNEY request[s] that the complete trial transcript and all papers, documents, photographs, and tangible items, to be produce[d] for inspection and copying or photographing, all evidence known or which may become known to the prosecuting attorney favorable to the defendant and material to the proper review of the appeal.

(Motion, State Court Record, ECF No. 12-1, Ex. 89).  The trial judge denied the request for lack

of jurisdiction and instead certified to the Court of Appeals that the exhibits in Dabney's possession

were not a proper part of the appellate record and not considered by the trial court in considering

Dabney's petition for post-conviction relief (Entry, State Court Record, ECF No. 12-1, Ex. 90).

Dabney then moved the First District to compel the Common Pleas Court to complete the record.

*Id.* at Ex. 92.  The First District declined to do so, noting that it was prohibited from adding to the

record on appeal, and denied the motion for reconsideration (Entry, State Court Record, 12-1, Ex.

93, PageID 1122, citing *State v. Ishmail,* 54 Ohio St.2d 402 (1978), paragraph two of the syllabus).

Dabney then appealed to the Supreme Court of Ohio in the March 3, 2019, filing he references in

Ground Six.  He filed a twelve-page Memorandum in Support of Jurisdiction, but did not deal at all with

*Ishmail*, the precedent cited by the First District (State Court Record, ECF No. 12-1, PageID 1127-38).

Respondent asserts this claim is not cognizable in habeas corpus (Return, ECF No. 13, PageID

3210).  Petitioner responds "Dabney likewise does not have a complete record of the proceedings to

successfully articulate appellate review" and complains that this Court has not yet compelled Respondent

to provide him with a complete copy of the state court record (Traverse, ECF No. 23, PageID 3297-98).

Dabney completely misses the point.  The First District's Order sought from Dabney copies

of any evidence **in his possession** he had submitted in support of his petition for post-conviction

relief, certified by the trial court as having been submitted. The trial judge instead advised the

Court of Appeals that **none** of what Dabney submitted for certification had actually been offered

in the post-conviction case.  The First District reacted in exactly the way to be expected of an

appellate court, at least in Ohio:  they could not find error in the trial court's decision on the basis

of evidence that was not before the trial court.  This is precisely the holding of *State v. Ishmail,*

*supra*, at ¶ 1 of the syllabus on which the First District relied: "1. A reviewing court cannot add

matter to the record before it, which was not a part of the trial court's proceedings, and then decide

18

the appeal on the basis of the new matter."

Dabney appears to believe this rule somehow violates the Fourteenth Amendment and in particular the Equal Protection Clause. It does not. While a State is not required to allow appeals for error review at all, if it does so as a matter of right to the defendant, it must provide indigent appellants with counsel and with a copy of the trial transcript if it requires a transcript for review, as a matter of equal protection. *Douglas v. California*, 372 U.S. 353 (1963). But there is no rule of federal constitutional law which requires an appellate court to consider evidence that was not considered by the court from which an appeal has been taken. In other words, there is no constitutional right to add matter to the record on appeal.

Ground Six should therefore be dismissed on the merits.

**Ground Seven: Failure to Grant Post-Conviction Relief on Newly-Discovered Evidence**

In his Seventh Ground for Relief, Dabney claims the trial court abused its discretion by denying his petition for post-conviction relief without a hearing. As best the Magistrate Judge understands it, this claim relates to Dabney's petition for post-conviction relief which he says was filed August 30, 2017 (See Petition, ECF No. 1, PageID 44). Actually the petition was filed October 4, 2017 (Petition, State Court Record, ECF No. 12-1, Ex. 98).

The trial judge denied the petition on grounds it was untimely (without showing any calculation regarding the time) and because all the issues raised could have been presented and decided on direct appeal and their presentation in a post-conviction petition was therefore barred by the *res judicata* doctrine of *State v. Perry*, 10 Ohio St. 2d 175 (1967)(Entry, State Court Record, ECF No. 12-1, Ex. 103). Dabney appealed, the First District affirmed in *Dabney IV*, and Dabney

19

did not successfully appeal to the Supreme Court of Ohio.

Based on Dabney's failure to appeal, Respondent asserts Ground Seven is procedurally defaulted (Return, ECF No. 13, PageID 3211). In his Traverse, Dabney argues the merits of this claim, but makes no response to the procedural default argument.

In Ohio, the obligation to exhaust state court remedies includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). A claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

Dabney's Seventh Ground for Relief should be dismissed as procedurally defaulted.

**Ground Eight: Supreme Court of Ohio Refusal to Accept Appeal**

In his Eighth Ground for Relief, Dabney complains of the Supreme Court of Ohio's refusal to accept his timely-filed appeal for lack of a copy of the First District's opinion being appealed from. Respondent asserts this Ground for Relief fails to state a claim upon which habeas corpus relief can be granted because it attacks the rules of the Ohio Supreme Court for handling its own cases (Return, ECF No. 13, PageID 3214). Dabney does not respond to this argument, but claims that the issue presented is whether his 2017 post-conviction petition satisfied one of the two prongs of Ohio Revised Code § 2953.23 to allow a second or successive post-conviction petition.

The Magistrate Judge agrees that was an underlying issue in the trial court, but Dabney did not preserve it properly for resolution by the Supreme Court of Ohio by presenting a time-stamped

copy of the appellate opinion.  To put it another way, the United States Constitution does not regulate this part of state supreme court procedure.

Ground Eight should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Nine:  Fraud on the Court**

In his Ninth Ground for Relief, Dabney claims that various actors in the case committed a fraud on one of the courts involved by failing to provide proper discovery on demand and to conduct an evidentiary hearing on his claims of conflict of interest.  Respondent asserts this claim is procedurally defaulted because Dabney did not present it in his 2016 post-conviction petition, but only attempted to raise it on appeal from denial of that petition (Return, ECF No. 23, PageID 3215).  Dabney argues this claim in terms of the failure of the trial court to hold an evidentiary hearing on his post-conviction petition and acts by other persons involved in the case.  He makes no response to Respondent's procedural default defense and it is well taken.

Ground Nine should be dismissed as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

February 15, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

## NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ____ or Doc. No. ____) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**