# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES DABNEY,

        Petitioner,     :     Case No. 1:19-cv-956

  - vs -                         District Judge Douglas R. Cole
                                      Magistrate Judge Michael R. Merz

WARDEN, Chillicothe
  Correctional Institution,

                                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 37) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 28). Judge Cole has recommitted the case for reconsideration in light of the Objections (ECF No. 38).

The Petition contains nine grounds for relief. The Report recommends dismissal of all nine with prejudice, but Petitioner objects only as to Grounds One, Three, Five, and Nine (ECF No. 37, PageID 3354). Only those four grounds are analyzed here.

**Ground One: Lack of Jurisdiction; Defective Indictment; Selective Prosecution**

In his First Ground for Relief, Dabney asserts the trial court did not have jurisdiction, the indictment was defective, and he was subjected to selective prosecution. Respondent argues this

1

ground for relief is procedurally defaulted because Dabney did not raise it on direct appeal, but only when he filed his Petition for Writ of Prohibition in the Supreme Court of Ohio (Return, ECF No. 13, PageID 3191). Dabney made no response to this defense in his Traverse/Reply and the Magistrate Judge found it well taken (Report, ECF No. 28, PageID 3324).

Dabney objects that the "magistrate did not fully understand that Dabney did not have to raise these constitutional violations during the direct appeal process. There is no requirement that Dabney asserts these claims ONLY during the direct appeal process" (Objections, ECF No. 37, PageID 3355). He also claims the Ohio courts addressed these claims on the merits and did not rely on any asserted procedural default. *Id.* at PageID 3356.

On the contrary, the Supreme Court of Ohio did not decide Dabney's writ of prohibition case on the merits. Rather, it granted the State's motion to dismiss the prohibition petition because it raised a claim which could have been, but was not, raised on direct appeal (Motion to Dismiss, State Court Record, ECF No. 12-1, Ex. 110). Ohio has a strong rule that claims which could have been but were not raised on direct appeal are barred from later consideration by the doctrine of *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

The Supreme Court of Ohio enforced the *Perry res judicata* bar when Dabney attempted to raise this claim in prohibition. Because *Perry* has long been recognized as an adequate and independent ground of decision and because Dabney offers no excusing cause and prejudice, his

First Ground for Relief should be dismissed.

**Ground Three: Ineffective Assistance of Appellate Counsel: Failure to Raise Claims of Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Dabney asserts he received ineffective assistance of appellate counsel in that his appellate attorney did not raise various claims of ineffective assistance of trial counsel. Respondent defends this Ground on the merits, asserting the Ohio courts' decision on this claim is entitled to deference under 28 U.S.C. § 2254(d)(1). The Report agreed (ECF No. 28, PageID 3328-33).

In his Objections Dabney argues one claim: that his appellate attorney provided ineffective assistance of appellate counsel when he failed to argue trial counsel's ineffectiveness for not raising a speedy trial claim. The First District Court of Appeals decided this claim as follows in ruling on Dabney's Application for Reopening:

> Trial counsel moved to dismiss the charges against Dabney on speedy-trial grounds, and appellate counsel assigned as error the overruling of the motion. We overruled that assignment of error, upon our determination that Dabney had been brought to trial within the time prescribed under R.C. 2945.71. And the record confirms that he was brought to trial within a time comporting with the speedy-trial rights guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. See *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. O'Brien,* 34 Ohio St.3d 7, 9-10, 516 N.E.2d 218 (1987).

*State v. Dabney*, Case No. C-140575 (1st Dist. Apr. 27, 2017)(unreported; copy at State Court Record, ECF No. 12, Ex. 60)("*Dabney II*"). Dabney does not dispute the findings that (1) his trial attorney did raise a claim of violation of Ohio's speedy trial statute, Ohio Revised Code § 2945.71; (2) the trial court overruled it; (3) his appellate attorney raised on appeal a claim that the Ohio

3

speedy trial statute was violated; and (4) the First District overruled that claim on direct appeal.

In overruling the statutory speedy trial claim on direct appeal, the First District examined in detail each period of time delay that Dabney argued was attributable to the State and ultimately held: "Because Dabney was tried well within the remaining statutory time, the trial court did not err in overruling his motion to dismiss the charges for lack of a speedy trial. We overrule the third assignment of error." *State v. Dabney*, 2015-Ohio-4142, ¶ 30 (Ohio App. 1st Dist. Oct. 7, 2015)("*Dabney I*"). When Dabney returned to the First District to make an ineffective assistance of appellate counsel speedy trial claim, he asserted:

> **Failure to properly protect defendant's speedy trial rights**
>
> Defendant asserts that he vehemently communicated to each of the court appointed counsels Ellis, Wenke, Burke who failed to consult with him or independently investigate and secure all evidence in the possession of the prosecution, secret service agents, and local law enforcement authorities. The court appointed counsels failed to adhere to defendant's request but chose to waive defendant's speedy trial right as if they were actually conducting an adequate legal research or securing evidence in possession of the prosecution this inadequate assistance of all court appointed counsels and the accumulation of their deficient performances clearly caused defendant's speedy trial rights to be violated and ultimately effected [sic] the out come [sic] of this case. Two l/2 years delayed before trial Dec 30, 2011, to July 14, 2014.

(Application, State Court Record, ECF No. 12, Ex. 59, PageID 728). Thus the gravamen of Dabney's claim is that his trial attorneys asked for continuances that he did not authorize. The face of the claim shows that Dabney had three different trial attorneys, all court-appointed. As the First District found in *Dabney I*, continuances sufficient to bring the trial within the Ohio speedy trial statute had been sought and obtained by counsel. If as Dabney asserts, these continuances were not authorized by him, but used by all three appointed counsel to cover up their lack of trial preparation work, the burden was on him to present evidence to this effect in a post-conviction

4

proceeding under Ohio Revised Code § 2953.21. Dabney filed such a petition on February 16, 2016, but did not include this claim among the twenty-one claims he pleaded there (Petition, State Court Record, ECF No. 12-1, Ex. 63). Instead, he relied on mere assertion in his Application for Reopening quoted above.

Because appellate counsel would have had no factual basis in the record to support this claim (ineffective assistance of trial counsel by failure to prepare and seeking unauthorized continuances), it was not ineffective assistance of appellate counsel to fail to raise this particular omitted assignment of error. Therefore the First District's decision to that effect is a reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), at the appellate level.

In his Objections, Dabney relies heavily on *Doggett v. United States,* 505 U.S. 647 (1992). In that case the defendant was indicted in 1980 for conspiring to distribute cocaine, but not arrested until 1988. The Supreme Court reinstated a District Court dismissal, holding 5-4 that in light of the Government's unexplained delay in making an arrest, defendant was not required to show "particularized trial prejudice." Dabney's case involved no such extraordinary delay and he has not shown any trial prejudice at all. The Report comments that he suffered the prejudice of pretrial confinement, but there is no showing that prevented him from preparing adequately to try the case, especially since a large part of the delay was occasioned by his changing lawyers.

Upon reconsideration, the First District's rejection of Dabney's ineffective assistance of appellate counsel claim still appears to be an objectively reasonable application of *Strickland* and therefore entitled to this Court's deference. Ground for Relief Three should be dismissed with prejudice.

**Ground Five: Denial of Hearing on Post-Conviction Petition**

In his Fifth Ground for Relief, Dabney asserted the trial judge abused his discretion in denying a hearing on his petition for post-conviction relief. The Report recommended dismissal of Ground Five because abuse of discretion by a state court judge does not state a claim for relief under the United States Constitution (ECF No. 28, PageID 3334-35, citing *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995)).

Dabney objects, relying on *Deck v. Missouri,* 544 U.S. 622 (2005), and *Lee v. Kemna,* 534 U.S. 362 (2002). In *Deck* a capital defendant had appeared before the jury in shackles. The Supreme Court reversed on that basis, but did not adopt an absolute rule forbidding shackling. Rather, it held that any decision to shackle a defendant must be based on a case-specific inquiry about the safety and security issues involved. The Supreme Court did not hold that abuse of discretion in general violates the United States Constitution, but that allowing the defendant here to appear in shackles violated the Due Process Clause of the Fifth and Fourteenth Amendments. In other words, *Deck* implies an abuse of discretion in requiring shackling is actionable in habeas, but adopts no general rule that any alleged abuse of discretion violates the Constitution.

In *Lee* the Court found that a Missouri rule requiring a certain form for a motion for continuance was not an adequate and independent state procedural ground on which to default the underlying constitutional claim of the right to present a defense. The Court relied on the opinion of Justice Holmes in *Davis v. Wechsler,* 263 U.S. 22 (1923), in a non-criminal case, holding that reliance on local practice could not defeat presentation of a federal claim.

Under Ohio law, the question whether or not to hold an evidentiary hearing on a petition for post-conviction relief is committed to the discretion of the trial judge. In an extended discussion the trial judge in this case enumerated reasons why no evidentiary hearing was required,

principally because Dabney's twenty-one claims could be resolved on the basis of evidence already before the court or that Dabney had failed to present substantial evidence in support of his claims (Entry, State Court Record, ECF No. 12-1, Ex. 67). On appeal the First District found no error in this determination (Judgment Entry, *State v. Dabney*, Case No. C-160821, (1st Dist. Sept. 28, 2018), unreported, copy at State Court Record, ECF No. 12-1, Ex. 80).

In this case we are not faced with a technical rule injected into a case for the first time by a court of appeals. Rather, the *Perry res judicata* rule and the requirement to present substantial evidence before an evidentiary hearing is required in post-conviction are well-established Ohio procedural rules relied on by the Ohio courts and adequate in the sense that they support a strong state interest in the finality of criminal judgments. Sixth Circuit precedent upholding the *Perry* rule is cited above. A petitioner in a post-conviction proceeding is not automatically entitled to an evidentiary hearing, but must present sufficient documentary evidence *dehors* the record to show entitlement to a hearing. *State v. Jackson,* 64 Ohio St. 2d 107 (1980). The rule in *State v. Jackson* is an adequate and independent state ground for procedural default purposes. *Sowell v. Bradshaw*, 372 F.3d 821 (6th Cir. 2004), *citing Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002).

The Report's conclusion that the Fifth Ground for Relief does not state a cognizable ground of habeas corpus relief is not in error, but it is also the case that Dabney's underlying claims are barred by procedural default. See also the Report's analysis of Ground Seven (ECF No. 28, PageID 3337, et seq.).

**Ground Nine: Fraud on the Court**

In his Ninth Ground for Relief, Dabney claims that various actors in the case committed a fraud on one of the courts involved by failing to provide proper discovery on demand and to

conduct an evidentiary hearing on his claims of conflict of interest.

Respondent asserted this Ground for Relief was procedurally defaulted because Dabney had not included it in his petition for post-conviction relief, but raised it for the first time on appeal from denial of that petition (Return, ECF No. 23, PageID 3215). The Report noted that Dabney had not replied to this procedural default defense and recommended that Ground Nine be dismissed on that basis (ECF No. 28, PageID 3339).

In his Objections, Dabney intermixes law related to the exhaustion doctrine and equitable toiling of the federal statute of limitations. None of that law is relevant. In the first place, Respondent has not asserted lack of exhaustion, but procedural default.

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

A petitioner can fail to meet procedural requirements in two ways:

> First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.
>
> Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. If, at the time of the federal

> habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.

*Smith v. Warden, Toledo Corr. Inst.*, 2019 U.S. App. LEXIS 18196 * 19 (6th Cir. Jun. 18, 2019), quoting *Lundgren v. Mitchell*, 440 F.3d 754, 806 (6th Cir. 2006).

Secondly, Respondent has not asserted Dabney's Petition is untimely, so the law of equitable tolling is likewise inapposite.

Next Dabney attempts to excuse his procedural default by saying he had already laid out in his Traverse the steps he went to to present this claim and thus it was through no fault of his that it was not heard. But the First District found otherwise. It refused even to reach the merits his fraud on the court claim, not for lack of evidence, but because he had not even pleaded this claim in his post-conviction petition. *Dabney III*. If Dabney had pleaded this claim in post-conviction, he could have sought discovery of the relevant documents in that proceeding, but he did not do so.

Last, Dabney asks this Court to conduct an evidentiary hearing on his claims. But we are precluded from doing so by *Cullen v. Pinholster*, 563 U.S. 170 (2011), which limits us to the evidence that was before the state courts.

**Conclusion**

Having reconsidered the case as directed by the recommittal Order, the Magistrate Judge again concludes it should be dismissed with prejudice. Because Dabney has not shown reasonable jurists would disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be

9

objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 19, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #