UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMES DABNEY,**

        **Petitioner,**

  v.

**WARDEN, Chillicothe Correctional Institution,**

        **Respondent.**

Case No. 1:19-cv-956
JUDGE DOUGLAS R. COLE
Magistrate Judge Merz

## OPINION AND ORDER

This cause comes before the Court on James Dabney's petition for habeas relief (Doc. 1), the Magistrate Judge's February 16, 2021, Report and Recommendation ("R&R," Doc. 28), and the Magistrate Judge's April 19, 2021, Supplemental Report and Recommendation ("Supplemental R&R," Doc. 39). Both R&Rs recommend that this Court dismiss the petition. For the reasons stated more fully below, the Court **ADOPTS** the R&Rs (Doc. 26, 39) in full. The Court thus **DISMISSES WITH PREJUDICE** Dabney's petition for habeas relief (Doc. 1).

## PROCEDURAL HISTORY

This case has a complicated history. To start, Dabney was an inmate at Chillicothe Correctional Institution.[1] In 2014, a jury convicted him on almost twenty

---

[1] In July 2014, the trial court sentenced Dabney to 9.5 years' imprisonment with 764 days credit for time served. (Doc. 12, #252). It is very possible, then, that state officials released Dabney in late 2021. Moreover, the Court has not heard from any party since April 2021. Still, as Dabney challenges his underlying conviction, his release from confinement, if that indeed has occurred, would not moot his claim. *See, e.g., Gentry v. Deuth*, 456 F.3d 687, 694–95 (6th Cir. 2006). Accordingly, the Court will rule on his petition.

counts ranging from theft to telecommunications fraud. (State Court Record, Doc. 12). Since then, he has tried (and failed) multiple times to have his convictions vacated or overturned. *See, e.g.*, *State v. Dabney*, No. C-140575, 2015 WL 5833934 (Ohio Ct. App. Oct. 7, 2015); *State v. Dabney*, No. 28349, 2018 Ohio App. LEXIS 4292 (Ohio Ct. App. Sept. 28, 2018); *State v. Dabney*, 155 Ohio St. 3d 1457 (2019). And the petition before the Court today is not Dabney's first attempt at habeas corpus relief. In June 2018, Dabney first petitioned this Court under 28 U.S.C. § 2241. (Doc. 12-1, Exh. #113). A different Magistrate Judge from the one assigned to this case advised him three times to file instead under 28 U.S.C. § 2254, as required. (Doc. 12-1, Exh. #118). Dabney declined to do that, so the case was dismissed. (Doc. 12-1, Exh. #119).

Dabney filed the instant habeas petition on November 8, 2019. (Doc. 1). That correctly-filed petition laid out nine proposed grounds for relief. (*Id.*). In response, the Magistrate Judge issued an R&R in February 2021 recommending that the Court reject all of Dabney's arguments and dismiss his petition. (Doc. 28). Dabney objected to the recommended disposition as to four of the nine grounds: lack of jurisdiction, defective indictment, and selective prosecution (Ground One); ineffective assistance of appellate counsel (Ground Three); denial of a post-conviction relief hearing (Ground Five); and fraud on the court (Ground Nine). (Doc. 37).

In response to Dabney's Objections, this Court recommitted the case to the Magistrate Judge for reconsideration. (Doc. 38). Then, on April 19, 2021, the Magistrate Judge issued the Supplemental R&R (Doc. 39), which continues to recommend that the Court dismiss Dabney's habeas petition.

Both R&Rs also advised the parties that failure to object within fourteen days may result in forfeiture of rights, including the right to district court review. (*Id.* at #3382). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Dabney objected to the first R&R on the four grounds listed above, leaving the other five grounds untouched. (Doc. 37). Neither party objected to the Supplemental R&R.

## LAW AND ANALYSIS

Even if no party objects to an R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). The Court has done so here and finds no clear error in the Magistrate Judge's determination as to any of the nine grounds for relief. The Court will address those in the order that Dabney presents them in his petition.

First, for Dabney's lack of jurisdiction, defective indictment, and selective prosecution claim, the Magistrate Judge believes that this claim should be dismissed as procedurally defaulted. (Doc. 39, #3373–74). Procedural default occurs when a petitioner could have raised the issues in his petition on direct appeal or in a post-conviction petition in state court but failed to do so and is now barred on state-law

3

grounds (e.g., res judicata) from trying. The Supplemental R&R capably applied the relevant Sixth Circuit test, *see Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), and came to the correct conclusion.

Dabney failed to raise the claims covered by Ground One on direct appeal. When he later tried to do so, Ohio's state courts found that res judicata barred his attempt. *See Dabney*, 2018-Ohio-4292, at *2. Res judicata is an established principle of Ohio law. *State v. Perry*, 226 N.E.2d 104, 108 (1967). And the Sixth Circuit recognizes that rule as an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007). Dabney has offered no reason why this default should be excused. (Doc. 28, #3327). So the Magistrate Judge did not err in concluding that this constitutes procedural default, and Dabney's first claim fails.

Second, for Dabney's claim that the Court erred in dismissing his prior habeas petition, the Magistrate Judge believes that Dabney's instant petition is not the right vehicle for him to make this claim. (*Id.* at #3327–28). The Court agrees. There are three methods by which a litigant may challenge the final judgment of a federal court like this one. First, a party may move to amend the judgment under Fed. R. Civ. P. 59(e). Second, a party may move to vacate the judgment under Fed. R. Civ. P. 60. And third, a party may appeal. Dabney chose none of these, so this claim fails as well.

Third, for Dabney's ineffective assistance of appellate counsel claim, the Magistrate Judge does not believe that the state courts unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), and thus recommends dismissal. (Doc. 28, #3333). In making that recommendation, the Supplemental R&R starts with the

correct issue—the relevant question is whether Dabney has shown that the state court unreasonably applied *Strickland*.

The two-pronged test from *Strickland* serves as the starting point for an ineffective assistance of counsel claim. 466 U.S. at 687. Under that test, a defendant must show both (1) deficient performance by counsel and (2) that the deficient performance prejudiced the defendant such that they were deprived of a fair trial. *Id.*; *see also Meeks v. Bergen*, 749 F.2d 322, 327 (6th Cir. 1984). The state court, and later the Magistrate Judge, recognized that there is "no factual basis in the record" to support an ineffective assistance claim here. (Doc. 39, #3377). The Court sees no error in that determination, which in turn means that the state court did not unreasonably apply *Strickland*. Dabney's third claim fails.

Fourth, as to Dabney's claim that the Supreme Court of Ohio erred in failing to allow his untimely appeal, the Magistrate Judge recommends dismissal because Dabney has not identified a violation of his constitutional rights. (Doc. 28, #3333–34). Dabney does not dispute that he failed to timely file his appeal. And as the Magistrate Judge correctly noted, there is no federal constitutional right to untimely file petitions in state court, regardless of the reason. (*See id.*). So this claim fails as well.

Fifth, as to the lack of a hearing on Dabney's post-conviction relief petition, the Magistrate Judge recommends dismissing this claim as not cognizable under the law and procedurally defaulted. (*Id.* at #3334–35; Doc. 39, #3379). The Supplemental R&R correctly notes that abuse of discretion by a state court judge does not violate the Due Process Clause. *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995). So Dabney

has not made a cognizable claim here. And further, the Court agrees that this claim too suffers from procedural default. The Magistrate Judge did not clearly err, so Dabney's fifth claim fails.

Sixth, for Dabney's claim that the First District abused its discretion by refusing to reconsider its prior decision, the Magistrate Judge recommends dismissal for lack of a constitutional violation again. (Doc. 28, #3337). Indeed, Dabney has identified no constitutional right to add matter to the record on appeal. This Court will not fault the First District for failing to decide an earlier case on evidence not before it at that time. This claim fails also.

Seventh, as to Dabney's claim that the trial court abused its discretion by denying his petition for post-conviction relief without a hearing, the Magistrate Judge recommends dismissal for procedural default. (*Id.* at #3338). Recall that procedural default occurs when a petitioner could have raised the issues in his petition on direct appeal or in a post-conviction petition but failed to do so and is now barred on state-law grounds. Here, Dabney did not exhaust his state court remedies, and those remedies are no longer available. *See Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). So this claim fails too.

Eighth, for Dabney's claim that the Supreme Court of Ohio erred in refusing to accept his timely-filed appeal, the Magistrate Judge recommends dismissal for lack of a constitutional claim yet again. (Doc. 28, #3338–39). The Court agrees; Dabney appears to have failed to include all the requisite materials with his timely-filed

6

appeal. The rules of the Ohio courts are just that, rules, and the state court's decision to abide by its rules is not one that this Court will disturb. This claim fails.

Ninth and finally, the Magistrate Judge recommends dismissing Dabney's claim for fraud on the court as procedurally defaulted, like his first and third claims. (*Id.* at #3339). Once again, Dabney never made this claim in his post-conviction relief proceedings. The Magistrate Judge did not clearly err in determining that failure resulted in procedural default. So this claim fails as well.

In sum, the Magistrate Judge capably analyzed the issues both in his original R&R (Doc. 28) and the Supplemental R&R (Doc. 39) and did not clearly err. For these reasons, the Court **ADOPTS** both R&Rs (Docs. 28, 39) in full. The Court therefore **DISMISSES** Dabney's habeas petition (Doc. 1) **WITH PREJUDICE**. And the Court **DIRECTS** the Clerk enter judgment and **TERMINATE** this matter on the Court's docket. The Court also **DENIES** Dabney a Certificate of Appealability and **CERTIFIES** pursuant to 28 U.S.C. § 1915 that any appeal of this Order would be objectively frivolous and **DENIES** him leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

February 1, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**